**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| MONITA MARBLEY, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 4:26-cv-00431-JJV |
| | * | |
| FRANK BISIGNANO, | * | |
| Commissioner of the | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM & ORDER**

Monita Marbley, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. Both parties have submitted briefs, and this case is ready for a decision.

The court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence. Therefore, I find the Complaint should be DISMISSED.

Plaintiff is 48 years old. (Tr. 410.) She went as far as the eighth grade in school, (Tr. 55), and has no past relevant work. (Tr. 41.)

The ALJ[1] first found Ms. Marbley has not engaged in substantial gainful activity since September 28, 2021 - the application date. (Tr. 28.) She has "severe" impairments in the form of "degenerative joint disease of the knees, degenerative joint disease of the hips, degenerative disc disease, hepatic steatosis, high blood pressure, asthma, obesity, bipolar disorder and schizophrenia." (*Id.*) The ALJ further found that Ms. Marbley did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 29-32.)

The ALJ determined Ms. Marbley had the residual functional capacity (RFC) to perform a reduced range of sedentary work given her mental and physical impairments. (Tr. 32.) The ALJ then utilized the services of a vocational expert (VE) to help determine what jobs Plaintiff could

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

perform despite her impairments. Based in part on the testimony of the VE, (Tr. 71-75), the ALJ determined she could perform the jobs of addresser, ticket checker, and document preparer. (Tr. 41-42.) Accordingly, the ALJ determined Ms. Marbley was not disabled. (Tr. 42.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the jobs identified by the ALJ exceed Plaintiff's RFC that restricted her to understanding and remembering no more than "simple instructions." (Doc. No. 8 at 4-10.) She says:

> Importantly, the jobs of document preparer, addresser, and ticket checker, all have interaction requirements that exceed simple instructions as confirmed by the various reasoning levels observed in the Dictionary of Occupational Titles ("DOT"). The reasoning levels dictate the specific type of instructions Plaintiff would be presented by coworkers and/or supervisors. And in our case, every job identified by the ALJ at Step Five is inconsistent with the reasoning levels demanded.

(*Id.* at 4.)

The Commissioner responds that, before the administrative decision was issued in Ms. Marbley's case, the rules changed. (Doc. 11 at 6.) Briefly, the new rule says, "We are rescinding SSR 00-04p and will no longer require our adjudicators to identify and resolve conflicts between occupational information provided by VSs and VEs and information in the DOT." SSR 24-3p; 2024 WL 5256890, at *2 (Dec. 6, 2024). Ultimately, the Commissioner argues that because of this change, "The ALJ is ultimately responsible for determining whether the evidence provided by a vocational expert is adequate to support a decision at step five that Plaintiff can perform a significant number of jobs in the national economy. SSR 24-3p, at *4. And the ALJ did so here." (*Id.* at 7.) I find the Commissioner's argument to be highly persuasive.

The ALJ asked the VE to assume that the individual can:

> . . . understand and remember simple instructions, they can sustain attention and concentration to complete simple tasks with customary workplace breaks, they can use judgment to make simple work-related decisions, they can interact frequently with supervisors and coworkers but only occasional interaction with the general public, and the individual can tolerate only occasional changes in a routine work setting.

(Tr. 72.)

Based on the above description, the VE responded the individual could perform the jobs of document preparer, addresser, and ticket checker, (Tr. 73-74), and that her "data sources" were the Dictionary of Occupational Titles and Job Browser Pro. (Tr. 74.)

All three of these jobs require a Reasoning Level Two which means that the person would have to "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." Dictionary Of Occupational Titles Appendix C: Components of the Definition Trailer. But Plaintiff says that, based on the ALJ's RFC requiring "simple instructions," she is only capable of performing Reasoning Level One work. Level One requires an individual to be able to, "Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id.*

Plaintiff raises a good point here. However, the ALJ said the individual would need to "understand and remember simple instructions" and the VE identified these three jobs. And as the Commissioner argues, "The ALJ reasonably relied on the expert's responses (Tr. 72-74). This testimony, which met the expectations set out in SSR 24-3p, clears the 'not high' substantial evidence threshold." Given the change in the Social Security Rules, I agree.

But the more important question is whether Ms. Marbley has the mental ability to perform the jobs identified by the VE. I agree with Plaintiff that the job of Document Preparer, as described by the Dictionary of Occupational Titles, likely exceeds her intellectual abilities. Dictionary of Occupational Titles 249.587-018.

However, the job of addresser requires an individual only to, "Addresses by hand or typewriter, envelopes, cards, advertising literature, packages, and similar items for mailing. May sort mail." *Id.* at 209.587-010. And the job of ticket checker would only require someone to count and record numbers of parimutuel tickets cashed at a race track to verify records of cashiers, compare totals with the entries on daily balance sheets, compare each ticket with samples or examine tickets under a fluorescent light to verify the validity of the tickets, and report discrepancies. *Id.* at 219.587-010. I find substantial evidence supports the conclusion that Ms. Marbley is capable of performing both of these jobs.

Additionally, considering the total number of these jobs available – 9,700 – I find they exist in the economy in significant numbers. The relevant Regulation explains, "Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications." 20 C.F.R. § 416.966(b). So based on the combined numbers, the total jobs identified by the VE is sufficient. *See Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997)(holding the Commissioner met the step five burden by identifying 10,000 jobs in the national economy).

I have also carefully considered Plaintiff's additional arguments - including that the jobs are incompatible with her required use of a cane (Doc. No. 8 at 10-17) and the ALJ improperly formulated Ms. Marbley's RFC by failing to include all of the limitations recited by the state

agency doctors (*Id.* at 14-20) – and find them to be without merit. I adopt the Commissioner's responsive arguments to both. (Doc. 11 at 9-13.)

Plaintiff clearly suffers from some degree of pain and limitation. I am sympathetic to her claims. But most of the objective evidence cuts against Plaintiff's claim she is incapable of working. Her treating doctors mostly reported nothing disabling when examining her. (Tr. 652-53, 655, 712, 722, 787, 950, 1004, 1020, 1024, 1027, 1032, 1040-42, 1043-44, 1086, 1099, 1103, 1161, 1175, 1306, 1313, 1321, 1356, 1391. But I recognize on some occasions her doctors reported pain and mental instability. (Tr. 846, 1368, 1407-08, 1428-29, 1438-39.) However, to reverse this matter would require the Court to reweigh the evidence and reach a different conclusion. *Austin v. Kijakazi*, 52 F.4th 723, 730 (8th Cir. 2022) (quoting *Schmitt v. Kijakazi*, 27 F.4th 1353, 1361 (8th Cir. 2022)). The law precludes the Court from doing this.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

And Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden.

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole

that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

Counsel has done an admirable job advocating for Plaintiff's rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

DATED this 8th day of September 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE